```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney          MD JS-6
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  FRANK D. KORTUM
    Assistant United States Attorney
 6  Asset Forfeiture Section
    California Bar No. 110984
 7       United States Courthouse
         312 North Spring Street, Suite 1400
 8       Los Angeles, California 90012
         Telephone: (213) 894-5710
 9       Facsimile: (213) 894-7177
         E-Mail:  Frank.Kortum@usdoj.gov
10
    Attorneys for Plaintiff
11  United States of America
```

                     UNITED STATES DISTRICT COURT

                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

                           SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  SACV 11-00583-MWF(MLGx) |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT OF FORFEITURE** |
| ONE WHITE NISSAN SKYLINE AND ONE YELLOW NISSAN SKYLINE, | |
| Defendants. | |
| JACKO LUONG, | |
| Claimant. | |

On April 4, 2011, plaintiff United States of America ("plaintiff" or the "government") filed a Complaint for Forfeiture against One white Nissan Skyline and One Yellow Nissan Skyline. The government alleged that the vehicles were subject to forfeiture pursuant to 18 U.S.C. § 545 and 19 U.S.C. § 1595a.

On June 6, 2011, claimant Jacko Luong (hereinafter "Claimant") filed a claim to the yellow Nissan Skyline only and on June 30, 2011, an Answer.  No other claims, statements of interest, or answers have been filed, and the time for filing claims, statements, and answers has expired.  The other defendant One white Nissan Skyline was ordered forfeited by a default judgment entered on December 19, 2011.  ECF Document No. 33.  The yellow Nissan Skyline is referred to hereinafter as the "defendant".

The government and Claimant have agreed to settle this forfeiture action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the consent of plaintiff and Claimant,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2.   The Complaint for Forfeiture states claims for relief pursuant to 18 U.S.C. § 545 and 19 U.S.C. § 1595a(c)(1)(A) and/or (c)(2)(A).

3.   Notice of this action has been given in accordance with law.  All potential claimants to the defendant other than Claimant are deemed to have admitted the allegations of the Complaint.  The allegations set out in the Complaint are sufficient to establish a

basis for forfeiture.

4.  Claimant agrees to pay a total of $15,000.00 to the government toward storage costs and an amount in lieu of forfeiture of the defendant. $5,000.00 shall be paid within 30 days of the effective date of this Judgment, and the remaining $10,000.00 shall be paid within 45 days thereafter.  Such payment shall be made by cashier's check or money order payable to U.S. Customs and Border Protection and sent to: Fines, Penalties, & Forfeitures Office, 301 East Ocean Blvd., Ninth Floor, Long Beach CA 90802.  The cashier's check or money order should include FP&F number 2009-2705-000091.  If Claimant fails to make the payments as and when required by this paragraph, he shall be deemed to have waived all of his right, title, claims and interest in and to the defendant and consents to the administrative forfeiture of the defendant with no further notice.  After Claimant's final tender of payment, Immigration and Customs Enforcement will return the data plate for defendant to Claimant so that he may install it in defendant before exportation.

5.  Claimant shall promptly make arrangements for the exportation of the defendant from the seaport of Los Angeles/Long Beach California, United States, to a country that is non-contiguous with the United States.  The defendant must physically leave the United States and cannot be placed into a Foreign Trade Zone, customs bonded warehouse, or similar location within the United States.  Within 75 days of the effective date of this Judgment and prior to presentation to the Export Desk, Claimant shall present the Immediate Exportation Entry (CBP Form 7512) with an annotation in the body of the form stating "SEIZURE-

FOR EXPORT ONLY" and all necessary and appropriate documents to CBP LA/LB Seaport Import Specialist Team 739 for review. Upon approval by Team 739, Claimant shall file the Immediate Exportation Entry (CBP Form 7512) and all necessary and appropriate paperwork with the agency's Export Desk. After the Immediate Exportation Entry has been approved by the Export Desk, Claimant must provide a complete and accurate copy of the approved export documents to FP&F.

    6.   Claimant must make the necessary arrangements to ensure that the defendant is physically exported from the United States no later than 60 days after CBP issues the disposition order notifying the contract storage facility that the vehicle may be released for exportation. If the defendant is not exported within 60 days after CBP issues the disposition order notifying the contract storage facility that the vehicle may be released for exportation, then Claimant waives all of his right, title, claims and interest in the defendant and in any payments made to CBP pursuant to this consent judgment, and Claimant consents to the seizure and administrative forfeiture of the defendant with no further notice. The time limits set forth in this consent judgment may not be extended unless a written request for an extension is submitted by Claimant and written approval is obtained from the agency before expiration of the applicable time limits. Extensions will not be granted for any reason relating to repair of the defendant (*e.g.*, unavailability of parts, unavailability of mechanic, etc.).

    7.   Upon satisfaction of Claimant's obligations in paragraphs 4 (payment) and 5 (export paperwork), CBP will release

the defendant and notify Claimant that the defendant may be delivered for export.  The defendant will be released to Claimant for the sole purpose of preparing the defendant for export as described below.  If the defendant remains in storage for any amount of time after the date arranged by the contract storage facility for Claimant to pick up the defendant, Claimant shall be responsible for additional storage costs as determined by the contract storage facility.  Such costs shall be paid directly to the contract storage facility, and the contract storage facility shall not release the defendant unless and until Claimant pays any additional accrued storage costs.  Prior to its exportation from the United States, the defendant (A) shall not be operated on public or private roadways, racetracks, or any other venue in which motor vehicles are operated; and (B) shall not be put on public or private display.  This consent judgment shall not be construed as an authorization for Claimant or anyone acting on his behalf to operate defendant on a roadway, and Claimant assumes all liability and risk of State, local, or Federal law enforcement action, if any, due to such operation.  Solely for the purpose of determining operability, and at his sole risk and liability, Claimant or others acting on his behalf may operate defendant in a private parking lot or similar area (but not a roadway, racetrack, or other such venue), if Claimant has the written consent of the owner of such area to do so, and provided that the defendant is transported from the place of repair to the place of testing on a flatbed vehicle transporter.  Claimant may only perform such repair work as is necessary to restore the defendant to operability and to prepare it for exportation (except as provided

below).  Any engine parts, transmission parts, fuel system parts, drive train parts, or other major parts or components of the defendant that are subject to environmental or safety regulations and which are removed during the repair process must either be exported with the defendant, or destroyed at SA Recycling, 3200 E. Frontera Street, Anaheim, CA 92806, at Claimant's own cost.  Claimant shall provide proof, satisfactory to the government, that such parts have in fact been destroyed within five days of the completion of the repair process, or, if the parts are not destroyed, proof that the parts are exported.  The Government is not responsible for parts removed from the vehicle during the repair process and will not take custody of such parts in lieu of Claimant's obligation to destroy or export them.  This provision does not apply to oil or air filters, engine belts or hoses, gaskets, spark plugs, nonstructural body components (such as tires, wheels, hood, skirts or diffusers), or other such items not subject to environmental or safety regulations and that may be removed from the vehicle during the repair process.  Claimant shall store and/or dispose of those items in accordance with all applicable federal, state and local laws.

     8.   Should repairs be required, the defendant must be transported by flat-bed transport directly from the storage facility to a place of repair, and from there directly to the port of exportation (except to test the vehicle's operability as provided in ¶ 7).  No parts, equipment, accessories, or other items of any nature whatsoever (other than paperwork) may be removed from the defendant except as necessary to repair the defendant (except as provided in ¶ 7).  The defendant will be

exported subject to and upon inspection by officers or employees of either CBP or ICE, or both (at the option of such officers and employees) at the port prior to departure.

9. Claimant agrees that it will provide to FP&F a copy of the on-board bill of lading(s) within 7 days of receipt by the carrier of the defendant for export from the United States. In addition, Claimant agrees that it will provide to FP&F, within 7 days of its occurrence, proof of arrival and unlading of the defendant in the country to which it is exported or the first country in which the defendant is unladen after its export from the United States.

10. Claimant agrees that it will not import the defendant to the United States or any of its territories. Claimant bears the risk of any denial or refusal of entry of the defendant into a foreign country or territory. If the defendant is returned to the United States or any of its territories for any reason, it shall be seized and Claimant waives all of his rights, titles, claims and interests in the defendant and any other merchandise used to facilitate the reintroduction of the defendant, as well as his rights, titles, claims and interests to any payments made to CBP pursuant to this consent judgment, and Claimant consents to the seizure and administrative forfeiture of the defendant and any facilitating property with no further notice.

11. Claimant hereby releases and forever discharges the United States, its officers, agents, servants, and employees, their heirs, successors, and assigns, from any and all actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which

Claimant, his heirs, successors, or assigns, ever had, now has, or may have in the future in connection with the detention, seizure, forfeiture, remission, release, and/or other disposition of the defendant in this case.

12. Claimant agrees to hold and save the United States, its officers, agents, servants, and employees, their heirs, successors, and assigns, harmless from, and indemnify for, any and all lawsuits or claims of any character whatsoever by any others, including costs and expenses for or on account of such lawsuits or claims, in connection with the detention, seizure, forfeiture, remission, release, and/or other disposition of the defendant in this case.

13. By entering this consent judgment Claimant agrees to withdraw his request to proceed to judicial forfeiture of the defendant. Claimant waives and relinquishes all rights to contest this case, including all judicial review of the seizure of the defendant. Any breach of the terms of this consent judgment shall enable CBP to proceed with the administrative forfeiture of the defendant without any further notice to Claimant.

14. Claimant acknowledges that the government had probable cause for the seizure of the defendant. The government and Claimant shall each bear its own attorney's fees and costs, if any, and waive any rights to any appeal of this action.

15. The Court finds that there was reasonable cause for the seizure of the defendant and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

16. Within 60 days of Claimant's satisfaction of paragraph 9, the agency will initiate the return of the CF301 bond, without interest, posted by Claimant on August 28, 2009, concerning the seized property, to Claimant through his counsel, Elon A. Pollack at Stein Shostak Shostak Pollack & O'Hara, LLP at 865 S. Figueroa St., Suite 1388, Los Angeles, California 90017.

DATED: October 18, 2012

_____
UNITED STATES DISTRICT JUDGE

Presented by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


        /S/
_____
FRANK D. KORTUM
Assistant United States Attorney

Attorneys for Plaintiff
United States of America