ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney          MD JS-6
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 110984
     United States Courthouse
     312 North Spring Street, Suite 1400
     Los Angeles, California 90012
     Telephone: (213) 894-5710
     Facsimile: (213) 894-7177
     E-Mail:  Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America


                  UNITED STATES DISTRICT COURT

             FOR THE CENTRAL DISTRICT OF CALIFORNIA

                       SOUTHERN DIVISION


UNITED STATES OF AMERICA,        )   NO.  SACV 11-00583-MWF(MLGx)
                                 )
          Plaintiff,             )
                                 )   **CONSENT JUDGMENT OF FORFEITURE**
          v.                     )
                                 )
ONE WHITE NISSAN SKYLINE AND     )
ONE YELLOW NISSAN SKYLINE,       )
                                 )
                    Defendants.) )
                                 )
_____)
                                 )
JACKO LUONG,                     )
                                 )
          Claimant.              )
                                 )
_____)

1    On April 4, 2011, plaintiff United States of America

2    ("plaintiff" or the "government") filed a Complaint for Forfeiture

3    against One white Nissan Skyline and One Yellow Nissan Skyline.

4    The government alleged that the vehicles were subject to

5    forfeiture pursuant to 18 U.S.C. § 545 and 19 U.S.C. § 1595a.

6    On June 6, 2011, claimant Jacko Luong (hereinafter

7    "Claimant") filed a claim to the yellow Nissan Skyline only and

8    on June 30, 2011, an Answer.  No other claims, statements of

9    interest, or answers have been filed, and the time for filing

10   claims, statements, and answers has expired.  The other defendant

11   One white Nissan Skyline was ordered forfeited by a default

12   judgment entered on December 19, 2011.  ECF Document No. 33.  The

13   yellow Nissan Skyline is referred to hereinafter as the

14   "defendant".

15   The government and Claimant have agreed to settle this

16   forfeiture action and to avoid further litigation.

17   The Court having been duly advised of and having considered

18   the matter, and based upon the consent of plaintiff and Claimant,

19   **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

20   1.   This Court has jurisdiction over this action pursuant to

21   28 U.S.C. §§ 1345 and 1355.

22   2.   The Complaint for Forfeiture states claims for relief

23   pursuant to 18 U.S.C. § 545 and 19 U.S.C. § 1595a(c)(1)(A) and/or

24   (c)(2)(A).

25   3.   Notice of this action has been given in accordance with

26   law.  All potential claimants to the defendant other than Claimant

27   are deemed to have admitted the allegations of the Complaint.  The

28   allegations set out in the Complaint are sufficient to establish a

-2-

1  basis for forfeiture.

2      4.  Claimant agrees to pay a total of $15,000.00 to the

3  government toward storage costs and an amount in lieu of

4  forfeiture of the defendant. $5,000.00 shall be paid within 30

5  days of the effective date of this Judgment, and the remaining

6  $10,000.00 shall be paid within 45 days thereafter.  Such payment

7  shall be made by cashier's check or money order payable to U.S.

8  Customs and Border Protection and sent to: Fines, Penalties, &

9  Forfeitures Office, 301 East Ocean Blvd., Ninth Floor, Long Beach

10  CA 90802.  The cashier's check or money order should include FP&F

11  number 2009-2705-000091.  If Claimant fails to make the payments

12  as and when required by this paragraph, he shall be deemed to have

13  waived all of his right, title, claims and interest in and to the

14  defendant and consents to the administrative forfeiture of the

15  defendant with no further notice.  After Claimant's final tender

16  of payment, Immigration and Customs Enforcement will return the

17  data plate for defendant to Claimant so that he may install it in

18  defendant before exportation.

19      5.  Claimant shall promptly make arrangements for the

20  exportation of the defendant from the seaport of Los Angeles/Long

21  Beach California, United States, to a country that is

22  non-contiguous with the United States.  The defendant must

23  physically leave the United States and cannot be placed into a

24  Foreign Trade Zone, customs bonded warehouse, or similar location

25  within the United States.  Within 75 days of the effective date of

26  this Judgment and prior to presentation to the Export Desk,

27  Claimant shall present the Immediate Exportation Entry (CBP Form

28  7512) with an annotation in the body of the form stating "SEIZURE-

-3-

FOR EXPORT ONLY" and all necessary and appropriate documents to
CBP LA/LB Seaport Import Specialist Team 739 for review.  Upon
approval by Team 739, Claimant shall file the Immediate
Exportation Entry (CBP Form 7512) and all necessary and
appropriate paperwork with the agency's Export Desk.  After the
Immediate Exportation Entry has been approved by the Export Desk,
Claimant must provide a complete and accurate copy of the approved
export documents to FP&F.

6.   Claimant must make the necessary arrangements to ensure
that the defendant is physically exported from the United States
no later than 60 days after CBP issues the disposition order
notifying the contract storage facility that the vehicle may be
released for exportation.  If the defendant is not exported within
60 days after CBP issues the disposition order notifying the
contract storage facility that the vehicle may be released for
exportation, then Claimant waives all of his right, title, claims
and interest in the defendant and in any payments made to CBP
pursuant to this consent judgment, and Claimant consents to the
seizure and administrative forfeiture of the defendant with no
further notice.  The time limits set forth in this consent
judgment may not be extended unless a written request for an
extension is submitted by Claimant and written approval is
obtained from the agency before expiration of the applicable time
limits.  Extensions will not be granted for any reason relating to
repair of the defendant (*e.g.*, unavailability of parts,
unavailability of mechanic, etc.).

7.   Upon satisfaction of Claimant's obligations in
paragraphs 4 (payment) and 5 (export paperwork), CBP will release

-4-

the defendant and notify Claimant that the defendant may be
delivered for export.  The defendant will be released to Claimant
for the sole purpose of preparing the defendant for export as
described below.  If the defendant remains in storage for any
amount of time after the date arranged by the contract storage
facility for Claimant to pick up the defendant, Claimant shall be
responsible for additional storage costs as determined by the
contract storage facility.  Such costs shall be paid directly to
the contract storage facility, and the contract storage facility
shall not release the defendant unless and until Claimant pays any
additional accrued storage costs.  Prior to its exportation from
the United States, the defendant (A) shall not be operated on
public or private roadways, racetracks, or any other venue in
which motor vehicles are operated; and (B) shall not be put on
public or private display.  This consent judgment shall not be
construed as an authorization for Claimant or anyone acting on his
behalf to operate defendant on a roadway, and Claimant assumes all
liability and risk of State, local, or Federal law enforcement
action, if any, due to such operation.  Solely for the purpose of
determining operability, and at his sole risk and liability,
Claimant or others acting on his behalf may operate defendant in a
private parking lot or similar area (but not a roadway, racetrack,
or other such venue), if Claimant has the written consent of the
owner of such area to do so, and provided that the defendant is
transported from the place of repair to the place of testing on a
flatbed vehicle transporter.  Claimant may only perform such
repair work as is necessary to restore the defendant to
operability and to prepare it for exportation (except as provided

-5-

below).  Any engine parts, transmission parts, fuel system parts,
drive train parts, or other major parts or components of the
defendant that are subject to environmental or safety regulations
and which are removed during the repair process must either be
exported with the defendant, or destroyed at SA Recycling, 3200 E.
Frontera Street, Anaheim, CA 92806, at Claimant's own
cost.  Claimant shall provide proof, satisfactory to the
government, that such parts have in fact been destroyed within
five days of the completion of the repair process, or, if the
parts are not destroyed, proof that the parts are exported.  The
Government is not responsible for parts removed from the vehicle
during the repair process and will not take custody of such parts
in lieu of Claimant's obligation to destroy or export them.  This
provision does not apply to oil or air filters, engine belts or
hoses, gaskets, spark plugs, nonstructural body components (such
as tires, wheels, hood, skirts or diffusers), or other such items
not subject to environmental or safety regulations and that may be
removed from the vehicle during the repair process.  Claimant
shall store and/or dispose of those items in accordance with all
applicable federal, state and local laws.

      8.   Should repairs be required, the defendant must be
transported by flat-bed transport directly from the storage
facility to a place of repair, and from there directly to the
port of exportation (except to test the vehicle's operability as
provided in ¶ 7).  No parts, equipment, accessories, or other
items of any nature whatsoever (other than paperwork) may be
removed from the defendant except as necessary to repair the
defendant (except as provided in ¶ 7).  The defendant will be

                              -6-

exported subject to and upon inspection by officers or employees of either CBP or ICE, or both (at the option of such officers and employees) at the port prior to departure.

9.   Claimant agrees that it will provide to FP&F a copy of the on-board bill of lading(s) within 7 days of receipt by the carrier of the defendant for export from the United States.   In addition, Claimant agrees that it will provide to FP&F, within 7 days of its occurrence, proof of arrival and unlading of the defendant in the country to which it is exported or the first country in which the defendant is unladen after its export from the United States.

10.   Claimant agrees that it will not import the defendant to the United States or any of its territories.   Claimant bears the risk of any denial or refusal of entry of the defendant into a foreign country or territory.   If the defendant is returned to the United States or any of its territories for any reason, it shall be seized and Claimant waives all of his rights, titles, claims and interests in the defendant and any other merchandise used to facilitate the reintroduction of the defendant, as well as his rights, titles, claims and interests to any payments made to CBP pursuant to this consent judgment, and Claimant consents to the seizure and administrative forfeiture of the defendant and any facilitating property with no further notice.

11.   Claimant hereby releases and forever discharges the United States, its officers, agents, servants, and employees, their heirs, successors, and assigns, from any and all actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which

-7-

Claimant, his heirs, successors, or assigns, ever had, now has, or may have in the future in connection with the detention, seizure, forfeiture, remission, release, and/or other disposition of the defendant in this case.

12.  Claimant agrees to hold and save the United States, its officers, agents, servants, and employees, their heirs, successors, and assigns, harmless from, and indemnify for, any and all lawsuits or claims of any character whatsoever by any others, including costs and expenses for or on account of such lawsuits or claims, in connection with the detention, seizure, forfeiture, remission, release, and/or other disposition of the defendant in this case.

13.  By entering this consent judgment Claimant agrees to withdraw his request to proceed to judicial forfeiture of the defendant.  Claimant waives and relinquishes all rights to contest this case, including all judicial review of the seizure of the defendant.  Any breach of the terms of this consent judgment shall enable CBP to proceed with the administrative forfeiture of the defendant without any further notice to Claimant.

14.  Claimant acknowledges that the government had probable cause for the seizure of the defendant.  The government and Claimant shall each bear its own attorney's fees and costs, if any, and waive any rights to any appeal of this action.

15.  The Court finds that there was reasonable cause for the seizure of the defendant and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

-8-

1        16.   Within 60 days of Claimant's satisfaction of paragraph

2   9, the agency will initiate the return of the CF301 bond, without

3   interest, posted by Claimant on August 28, 2009, concerning the

4   seized property, to Claimant through his counsel, Elon A. Pollack

5   at Stein Shostak Shostak Pollack & O'Hara, LLP at 865 S. Figueroa

6   St., Suite 1388, Los Angeles, California 90017.

7

8

9   DATED: October 18, 2012      _____

10                                UNITED STATES DISTRICT JUDGE

11

12

13

14

15  Presented by:

16  ANDRÉ BIROTTE JR.
    United States Attorney
17  ROBERT E. DUGDALE
    Assistant United States Attorney
18  Chief, Criminal Division
    STEVEN R. WELK
19  Assistant United States Attorney
    Chief, Asset Forfeiture Section
20

21  _____/S/_____
22  FRANK D. KORTUM
    Assistant United States Attorney
23
    Attorneys for Plaintiff
24  United States of America

25

26

27

28

                            -9-